Filed 7/31/23  In re T.B. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re T.B., a Person Coming Under the Juvenile Court Law. | C096917 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> J. B. et al., <br><br> Defendants and Appellants. | (Super. Ct. No. JD241814) |

Appellants are the parents of the minor, T.B. , who appeal from the juvenile court's dispositional orders following the sustaining of a supplemental petition.  (Welf. & Inst. Code,[1] §§ 387, 395.)  Parents' sole contention on appeal is that the juvenile court

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

and the Sacramento County Department of Child, Family and Adult Services (the Department) failed to comply with the inquiry and notice requirements of the Indian Child Welfare Act (ICWA) because the Department did not exercise due diligence in contacting two extended family members. (25 U.S.C. § 1901 et seq.; § 224.2.) The Department concedes the ICWA error but contends the matter is now moot because of further ICWA inquiry. Because the further hearing on ICWA compliance and any further juvenile court findings are not part of our record on appeal, we direct the juvenile court to vacate its prior finding that the ICWA does not apply and enter new findings after further ICWA compliance proceedings. We otherwise affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On February 28, 2022, the Department filed the original petition alleging that the minor came within the provision of section 300, subdivision (b)(1), failure to protect, after suffering serious medical complications and testing positive for methamphetamine at birth.

The Department filed an Indian Child Inquiry Form, ICWA-010, attesting that the social worker inquired of both parents about the minor's heritage, and the Department did not have any reason to believe that the minor is or may be an Indian child. Without elaboration, the detention report states that both mother and father "denied having any Native American Indian heritage." On March 2, 2022, mother submitted a Parental Notification of Indian Status (ICWA-020) form indicating that she is or may be a member of the Cherokee tribe. That same day, father submitted his ICWA-020 indicating that one or more of his parents, grandparents, or other lineal ancestors is or was a member of the Sioux tribe. At the March 2, 2022, detention hearing, the juvenile court inquired regarding Native American ancestry and found there was insufficient evidence to determine if the minor was an Indian child. Parents were ordered to complete the Indian ancestry questionnaire and return it to the Department as well as disclose the names and residences of any relatives of the minor, and the Department was ordered to notice any

2

federally recognized tribes and the Bureau of Indian Affairs (BIA). The court found the minor came within the provision of section 300, and the minor was detained.

On March 23, 2022, the Department filed an ICWA compliance report, outlining its inquiry efforts and indicating that the ICWA may apply. The Department reported that father claimed ancestry through his deceased paternal grandfather with the Oglala Sioux Tribe in Nebraska and mother claimed ancestry through her deceased paternal great grandfather, who was "[h]alf Cherokee." The Department reported that it contacted the maternal grandfather at his known phone number and left voice messages with no response. Father informed the Department that his father, the paternal grandfather, would have more information, but father had no contact information for him because they had not spoken in years. Department contacted the maternal grandmother, who reported no Native American heritage on her side of the family. She reported that the maternal grandfather may have such heritage but did not believe it was with a recognized tribe. The Department also contacted the paternal grandmother, who reported that there was no Native American heritage on her side and if the minor had any such heritage, it would be through the maternal grandfather.

On March 28, 2022, the Department filed a combined jurisdiction/disposition hearing report, noting that the ICWA may apply because mother and father each claimed Native American ancestry and referenced the ICWA compliance report regarding the Department's inquiry efforts. The juvenile court set an ICWA compliance hearing.

On May 9, 2022, prior to the ICWA compliance hearing, the Department submitted a second ICWA compliance report, noting that the ICWA may apply. The Department reported that notices were sent to the Cherokee Nation, Eastern Band of Cherokee Indians, Oglala Sioux Tribe, and the United Keetoowah Band of Cherokee Indians in Oklahoma. The Cherokee Nation and Oglala Sioux Tribe reported that parents and the minor were not members of the tribes nor eligible for membership; the Oglala Sioux Tribe advised that it would send an official response within 45 days. The

3

Department reported that it was awaiting responses from the Eastern Band of Cherokee Indians and the United Keetoowah Band of Cherokee Indians in Oklahoma.

At the combined ICWA compliance and pre-trial hearing on May 9, 2022, the Department submitted on the updated recommendation for jurisdiction and disposition, informed the Department was still conducting its ICWA inquiry, and requested a further ICWA compliance hearing. The juvenile court set a further ICWA compliance hearing for August 15, 2022, sustained the petition as amended, placed the minor with parents under the supervision of the Department, ordered family maintenance services, and found the minor may be an Indian child.

On June 20, 2022, the Department filed a supplemental petition pursuant to section 387 with additional allegations regarding parents' failure to take drug tests, failure to follow up with the minor's medical provider, and refusal to make the minor available to the Department. The Department made a new ICWA inquiry with parents, and neither parent gave reason to believe the minor was an Indian child. On July 18, 2022, the Department filed a section 387 jurisdiction/disposition hearing report, noting that there had been no further responses from the Eastern Band of Cherokee Indians or the United Keetoowah Band of Cherokee Indians in Oklahoma, and the ICWA may apply. The juvenile court vacated the pending ICWA compliance hearing and reset the hearing for August 29, 2022.

On August 22, 2022, the Department submitted an ICWA compliance report, stating: the Department contacted the maternal grandfather on August 19, 2022, and there was no answer; the Department sent a certified mail inquiry to the Eastern Band of Cherokee Indians and had not yet received a response; the Oglala Sioux Tribe had not yet provided an official response; the Department attempted two additional contacts with the United Keetoowah Band of Cherokee Indians and had not yet received a response. On August 29, 2022, the juvenile court conducted a section 387 pretrial and ICWA compliance hearing, and the juvenile court found that the Department complied with its

4

duty of inquiry and the ICWA did not apply. However, the court ordered that if any party became aware of new information regarding the ICWA, they should advise the court as soon as possible.

Following a contested section 387 trial, the juvenile court found the prior disposition ineffective, sustained the section 387 petition, removed physical custody of the minor from parents, and ordered reunification services and visitation for parents.

After parents appealed the juvenile court's orders, on March 6, 2023, the juvenile court set an ICWA compliance hearing and contested permanency hearing for March 20, 2023. On March 16, 2023, the Department filed an ICWA compliance report reflecting that the Department contacted the maternal grandfather, who stated that he believed his maternal great-grandmother was Cherokee but had no other identifying information. The Department also requested that parents provide phone numbers for the maternal and paternal grandfathers, but parents did not reply. The Department also contacted the paternal grandmother again and requested contact information for the paternal grandfather; the paternal grandmother stated she did not have contact information for the paternal grandfather. On March 10, 2023, the assigned social worker called and sent a text message to a phone number located on the internet for the paternal grandfather but did not receive any response. On March 10, 2023, the family trees were updated and resent to the BIA, California Department of Social Services, Cherokee Nation, Eastern Band of Cherokee Indians, and Oglala Sioux Tribe. The Cherokee Nation informed the child was not eligible and responses remained outstanding from the Oglala Sioux Tribe and Eastern Band of Cherokee Indians. The report does not indicate whether the Department made any further attempts to contact the United Keetoowah Band of Cherokee Indians in Oklahoma based on the updated family trees or whether the Department received any response to its prior inquiries of this tribe.

At the March 20, 2023, combined ICWA compliance hearing and contested permanency hearing, the Department requested a further ICWA compliance hearing and

5

informed the juvenile court that the Department was in the process of contacting the United Keetoowah Band of Cherokee Indians in Oklahoma. The court terminated reunification services and set a selection and implementation hearing pursuant to section 366.26 for July 17, 2023, and the court set the matter for a further ICWA compliance hearing for May 1, 2023.

DISCUSSION

Parents contend that the juvenile court's August 29, 2022, finding that ICWA did not apply was not supported by substantial evidence because the Department failed to comply with its duty of further inquiry by failing to exercise due diligence in locating and interviewing the paternal grandfather and the maternal grandfather. The Department concedes that further ICWA compliance was required but contends the matter is now moot and a reversal is unnecessary as the Department has already performed further inquiry and scheduled a further ICWA compliance hearing. We direct the juvenile court to vacate its ICWA finding and make new findings.

As this court recently explained: "The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. [Citations.] A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' [Citation.]" (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The ICWA defines an " ' "Indian child" ' as a child who 'is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe.' (25 U.S.C. § 1903(4).) The juvenile court and the social services department have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)" (*In re G.A.* (2022) 81 Cal.App.5th 355, 360, review granted Oct. 12, 2022, S276056.)

6

Section 224.2, subdivision (e) provides that if the court or social worker has *reason to believe* that an Indian child is involved in a proceeding, the court or social worker shall, as soon as practicable, make further inquiry regarding the possible Indian status of the child.  Further inquiry includes, but is not limited to:  (1) interviewing the parents, Indian custodian, and extended family members to gather the information required in paragraph (5) of subdivision (a) of Section 224.3;[2] (2) contacting the BIA and the State Department of Social Services for assistance in identifying the names and contact information of the tribes in which the child may be a member, or eligible for membership in; and (3) contacting the tribe or tribes and any other person that may reasonably be expected to have information regarding the child's membership, citizenship status, or eligibility.  (§ 224.2, subd. (e).)

"[S]ection 224.2 creates three distinct duties regarding ICWA in dependency proceedings.  First, from the Agency's initial contact with a minor and his [or her] family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child.  (§ 224.2, subds. (a), (b).)  Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the Agency 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.'  (*Id.*, subd. (e), italics added.)  Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply.  (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone 'knows or has reason to know that the child is an Indian child'] italics added; *id.*, subd. (d) [defining circumstances that establish a 'reason to know' a child is an Indian child]; § 224.3 [ICWA notice is required if there is a 'reason to

---

[2]  Section 224.3, subdivision (a)(5) includes the name, birth date and birthplace of the Indian child, if known; the name of the Indian tribe; and the names and other identifying information of the Indian child's biological parents, grandparents, and great-grandparents, if known.

7

know' a child is an Indian child as defined under § 224.2, subd. (d)].)" (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.) We review claims of inadequate inquiry into a child's Native American ancestry for substantial evidence. (*In re Rebecca R.* (2006) 143 Cal.App.4th 1426, 1430.)

Here, the record supports parents' contention that the Department failed to exercise due diligence in locating and interviewing the paternal grandfather and the maternal grandfather at the time that the juvenile court entered its finding that the ICWA does not apply. The Department does not dispute parents' claim but contends the Department was aware of its ongoing duties under the ICWA and has since engaged in additional inquiry addressing parents' concerns. Accordingly, the Department asserts that this appeal is now moot. We note the Department's most recent ICWA compliance report listed its successful contact with the maternal grandfather and some unsuccessful attempts at contacting paternal grandfather, but the juvenile court has not yet entered a new finding based on this additional information or any additional responses from the tribes. Further, the report does not indicate whether the Department made any further attempts to contact the United Keetoowah Band of Cherokee Indians in Oklahoma or whether the Department received any response to its prior inquiries of this tribe. At the most recent ICWA compliance hearing in the record before us, the Department informed the juvenile court that it was in the process of contacting the United Keetoowah Band of Cherokee Indians in Oklahoma. These contacts and the results of these contacts are not otherwise documented in the record that we have. Additionally, the further ICWA compliance hearing set for May 1, 2023, if indeed such a hearing has occurred and resulted in a new ICWA finding, is not part of the record before us. Given the Department's concession, the remedial purpose underlying the ICWA, and related California law intended to protect third party rights, we apply the analytical framework set forth by the California Supreme Court in *In re A.R.* for assessing harm, and we conclude the error is prejudicial. (*In re A.R.* (2021) 11 Cal.5th 234, 252-254.)

## DISPOSITION

We direct the juvenile court to vacate its finding that the ICWA does not apply. The matter is remanded for further ICWA compliance proceedings, after which the juvenile court shall enter new ICWA findings. If the minor is found to be an Indian child, the juvenile court shall proceed in compliance with the ICWA, including considering any petition filed to invalidate prior orders. (25 U.S.C. § 1914; § 224, subd. (e).) In all other respects, the orders of the juvenile court are affirmed.


      /s/
      MESIWALA, J.


We concur:


 /s/
ROBIE, Acting P. J.


 /s/
DUARTE, J.

9